| | |
|---|---|
| **From:** | ">Custodian of Records" <Custodianofrecords@csaa.com> |
| **Date:** | 7/07/2020 2:26:44 PM |
| **To:** | "Schirmer, Beverly" <Beverly.Schirmer@csaa.com> |
| **Cc:** | "Lee, Jennifer" <Jennifer.Lee@csaa.com>;">Claimdocs" <claimdocs@csaa.com> |
| **Subject:** | Process Served - Deana Huff, Pltf. vs. CSAA Fire & Casualty Insurance Company, Dft. [1002-68-0340] |
| **Attachments:** | 3A450CDFDAD74EAA996165DCECAF5C4A.pdf |
| **Importance:** | High |

Hello Beverly:

Please review the attached regarding a Civil matter in Kentucky, which we received on 7/7/2020.

| | |
|---|---|
| **Title of Action** | Deana Huff, Pltf. vs. CSAA Fire & Casualty Insurance Company, Dft. |
| **Document(s) Served** | Summons, Complaint |
| **Court/Agency** | COMMONWEALTH OF KENTUCKY LAUREL CIRCUIT COURT |
| **Nature of Action** | Insurance Litigation |
| **Agent Served** | CT Corp |
| **Date Served** | 7/7/2020 |
| **Claim Number (if known)** | 1002-68-0340 |
| **Notes (if any)** | |

Thank you for your prompt attention to this matter.

Patrick

Attachment: <<3A450CDFDAD74EAA996165DCECAF5C4A.pdf>>

Patrick Hayes, on behalf of
**Custodian of Records Team, Legal Division**

CSAA Insurance Group, a AAA Insurer
3055 Oak Road, Mail Stop W290, Walnut Creek, CA, 94597
p: 925.279.3119  f: 877.837.8124
CustodianofRecords@csaa.com

100 years of insurance the AAA way

*This message is intended for the exclusive use of the named addressee(s) and may contain information that is privileged and confidential or otherwise legally exempt from disclosure. If you were not the intended recipient, please promptly notify the sender without otherwise further copying, disclosing or distributing this communication.*

 **CT Corporation**

**Service of Process Transmittal**
07/07/2020
CT Log Number 537901632

**TO:**  Custodian of Records
CSAA INSURANCE EXCHANGE
3055 Oak Rd MS W290
Walnut Creek, CA 94597-2098

**RE:**  **Process Served in Kentucky**

**FOR:**  CSAA Fire & Casualty Insurance Company  (Domestic State: IN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Deana Huff, Pltf. vs. CSAA Fire & Casualty Insurance Company, Dft. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 20CI00438 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Frankfort, KY |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 07/07/2020 postmarked: "Not Post Marked" |
| **JURISDICTION SERVED :** | Kentucky |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/07/2020, Expected Purge Date: 07/12/2020<br><br>Image SOP<br><br>Email Notification, Custodian of Records  custodianofrecords@csaa.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 1999 Bryan St Ste 900<br>Dallas, TX 75201-3140 |
| **For Questions:** | 877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

Page 1 of  1 / RR

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

US POSTAGE $008.00

CERTIFIED MAIL

7019 2970 0001 6705 4527

CSAA FIRE & CASUALTY
INSURANCE COMPANY
CT CORPORATION SYSTEMS
306 W. MAIN STREET
FRANKFORT, KY 40601

RESTRICTED
DELIVERY

RESTRICTED
DELIVERY

Kentucky
UNBRIDLED SPIRIT

MICHAEL G. ADAMS
SECRETARY OF STATE
P.O. Box 718
Frankfort, Kentucky 40602-0718

☑ REGISTER TO VOTE

**Michael G. Adams**
Secretary of State

**Commonwealth of Kentucky**
**Office of the Secretary of State**

Summons Division
PO BOX 718
FRANKFORT, KY 40602-0718

July 2, 2020

CSAA FIRE & CASUALTY
INSURANCE COMPANY
CT CORPORATION SYSTEMS
306 W. MAIN STREET
FRANKFORT, KY 40601

FROM:  SUMMONS DIVISION
        SECRETARY OF STATE

RE:     CASE NO: 20-CI-00438

COURT:  Circuit Court Clerk
        Laurel County
        PO Box 1798
        London, KY 40743-1798
        Phone: (606) 864-2863

Legal action has been filed against you in the captioned case. As provided under
Kentucky law, the legal documents are enclosed.

**Questions regarding this action should be addressed to:**

**(1) Your attorney, or**
**(2) The attorney filing this suit whose name should appear on**
    **the last page of the complaint, or**
**(3) The court or administrative agency in which the suit is filed**
    **at the clerk's number printed above.**

The Kentucky Secretary of State has NO POWER to make a legal disposition of this
case. Your responsive pleadings should be filed with the clerk of the court or agency
where the suit is filed and served directly on your opposing party.

No copy of future pleadings need be sent to this office unless you wish us to serve
the pleading under a particular statute or rule and pay for said service.

---

| AOC-E-105   Sum Code: CI<br>Rev. 9-14 |  | Case #: **20-CI-00438** |
|---|---|---|
| Commonwealth of Kentucky<br>Court of Justice   *Courts.ky.gov* | | Court:  **CIRCUIT** |
| CR 4.02; Cr Official Form 1 | **CIVIL SUMMONS** | County: **LAUREL** |

*Plaintiff,* HUFF, DEANA VS. CSAA FIRE & CASUALTY INSURANCE COMPANY, *Defendant*

**TO:  CT CORPORATION SYSTEMS**
     **306 W. MAIN STREET**
     **FRANKFORT, KY 40601**

RECEIVED
JUL 01 2020
SECRETARY OF STATE

Memo: Related party is CSAA FIRE & CASUALTY INSURANCE COMPANY

The Commonwealth of Kentucky to Defendant:
**CSAA FIRE & CASUALTY INSURANCE COMPANY**

    You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

                    /s/ Roger Schott, Laurel
                    Circuit Clerk
                    Date: 6/25/2020

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

Date: _____, 20 _____

                                    Served By

                                    Title

Summons ID: 254901317833663@00000195678
CIRCUIT: 20-CI-00438 Long Arm Statute – SOS - Restricted Delivery
HUFF, DEANA VS. CSAA FIRE & CASUALTY INSURANCE COMPANY



Page 1 of 1

*e*Filed

*(right margin, vertical text:)* Package:000002 of 000018    Presiding Judge: HON. MICHAEL CAPERTON (627365)    Package : 000002 of 000018

Filed                 20-CI-00438     06/25/2020        Roger Schott, Laurel Circuit Clerk
A true copy attest    20-CI-00438     06/25/2020        /s/Roger Schott, Laurel Circuit Clerk

**COMMONWEALTH OF KENTUCKY**
**LAUREL CIRCUIT COURT**
CIVIL ACTION NO.: *20-CI-00438*
**DIVISION II**

**DEANA HUFF**                                                           **PLAINTIFF,**

**vs.**

**CSAA FIRE & CASUALTY INSURANCE COMPANY**              **DEFENDANT.**

Laurel Circuit Clerk to SERVE:

Kentucky Secretary of State
P.O. Box 718
Frankfort, KY 40602

Kentucky Secretary of State to SERVE: (by restrictive delivery)

CT Corporation Systems
306 W. Main Street
Frankfort, Kentucky 40601

---

### COMPLAINT

Comes the Plaintiff, Deana Huff, by and through counsel, and for her Complaint states as follows:

1. That at all times complained of herein, the Plaintiff, Deana Huff (hereinafter referred to as Plaintiff or "Huff") was a resident of Laurel County, Kentucky with a mailing address of 62 Brannan Mill Road, Lily Kentucky 40740;

2. That at all times complained of herein, the Defendant, CSAA Fire & Casualty Insurance Company (hereinafter referred to as "CSAA"), was and is a foreign corporation, which is active, registered and licensed to do business in the Commonwealth of Kentucky and as such shall be served via the Kentucky Secretary of State which in turn shall serve the registered agent, CT Corporation Systems, 306 W. Main Street, Frankfort, Kentucky 40601. Said insurance company was the carrier for the Plaintiff, Huff, pertaining to all allegations made herein;

3. At all times, relevant hereto the Defendant, CSAA, was represented by certain agents, servants, and/or employees acting as said Defendant's adjusters including, but not limited to, Jennifer Lee;

1

Filed                 20-CI-00438     06/25/2020        Roger Schott, Laurel Circuit Clerk
A true copy attest    20-CI-00438     06/25/2020        /s/Roger Schott, Laurel Circuit Clerk

Package:000003 of 000018

Presiding Judge: HON. MICHAEL CAPERTON (627365)

Package : 000003 of 000018

Filed              20-CI-00438   06/25/2020        Roger Schott, Laurel Circuit Clerk
A true copy attest   20-CI-00438   06/25/2020        /s/Roger Schott, Laurel Circuit Clerk

4.  The Defendant, CSAA, is responsible for and liable for all acts, errors, and omissions of its agents, servants, and/or employees, including Jennifer Lee, for which it is sued herein. In addition, the Defendant, CSAA, is sued individually for its own corporate acts, errors, and omissions as alleged herein;

## VENUE AND JURIDICTION

5.  Laurel Circuit Court is the appropriate venue for this action as said accident occurred in Laurel County, Kentucky, as such all acts and causes of action complained of herein against the Defendant, CSAA, and their agents, employees, servants and adjusters, are properly within the jurisdiction of the Laurel Circuit Court, and the damages herein exceed the jurisdictional limits of this Court;

6.  The allegations and cause of action contained herein are within the jurisdiction of the Circuit Court;

## OPERATIVE FACTS

7.  That the Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1-6;

8.  That on or about the 15th day of May, 2018, the Plaintiff, Huff, was a passenger of a motor vehicle that was traveling East on Hwy 830 in Laurel County, Kentucky when it collided with a vehicle that ran a stop sign at the intersection of Turtle Road. The vehicle in which the Plaintiff, Huff, was a passenger was insured at the time of the collision by the Defendant, CSAA. That Progressive Insurance was the carrier for the at fault driver, Jonathan Moore. Mr. Moore was charged with DUI on the day of the collision and pled guilty to DUI 3rd in the Laurel County District Court in July, 2018, being Civil Action No.: 18-T-2761;

9.  That Jonathan Moore's negligent and criminal operation of his vehicle was a substantial factor in causing severe bodily injuries to the Plaintiff, Huff;

10. That the Plaintiff suffered severe injuries and the vehicle in which she was a passenger sustained severe damage and was a total loss. The Plaintiff began receiving medical treatment immediately after said accident and the Plaintiffs has exceeded the "thresholds"

2

Filed              20-CI-00438   06/25/2020        Roger Schott, Laurel Circuit Clerk
A true copy attest   20-CI-00438   06/25/2020        /s/Roger Schott, Laurel Circuit Clerk

Filed          20-CI-00438     06/25/2020          Roger Schott, Laurel Circuit Clerk
A true copy attest    20-CI-00438     06/25/2020          /s/Roger Schott, Laurel Circuit Clerk

required by the Kentucky Motor Vehicle Reparations Act, KRS 304.39-060(2) (b);

  11. That the Plaintiff herein settled a portion of her bodily injury claim with the at fault driver Moore and his insurance carrier, Progressive, for its policy limits of $100,000.00 after employing the "Coots" procedure and receiving a waiver of subrogation from the Defendant, CSAA;

  12. That on April 10, 2020, the Plaintiff, by counsel, sent a "Coots Letter" with several attachments to the Defendant, CSAA, making a claim for Huff's bodily injuries under her first party underinsured contract and requested reasonable and objective compensation. Said "Coots Letter" included certain medical bills and certain medical records. Such medical records for Deana Huff evidenced multiple spleen lacerations, multiple contusions and bruises, and orthopedic notes which revealed a surgical fusion repair of compression fractures at T11-12 which required the implantation rods and screws. Said demand presented medical bills in excess of $100,000.00;

  13. That the collision of May 15, 2018 was a substantial factor in causing such injuries and medical expenses as set forth in the "Coots Letter" discussed above. Said "Coots Letter", without its attachments, is attached hereto as **Exhibit 1;** The Plaintiff, at the request of the Defendant, sent additional records to Jennifer Lee which included all surgical records and post surgical care records which were approximately 80 pages and further sent additional medical bills. See letter from Bill Meader to Jennifer Lee dated, May 29, 2020 attached hereto at **Exhibit 2.** Defendant, by its letter dated June 1, 2020, stated that it did not have sufficient evidence to complete it's review of Huff's UIM claim. See **Exhibit 3.**

  14. That the Defendant, CSAA, assigned its agent, employee, servant and adjuster, Jennifer Lee, to handle the first party contract underinsured bodily injury claim. That by a letter dated June 5, 2020 the Defendant, CSAA, through its agent and adjuster, Jennifer Lee, acknowledged receipt of the "Coots Letter" and the additional letter and concluded that the Plaintiff, Huff's, bodily injuries were worth $21,0005.57 and offered that amount to resolve the UIM claim. That such letter from CSAA did not state a basis for its conclusions of why the

Package:000005 of 000018

Presiding Judge: HON. MICHAEL CAPERTON (627365)

Package : 000005 of 000018

Filed     .     20-CI-00438     06/25/2020          Roger Schott, Laurel Circuit Clerk
A true copy attest    20-CI-00438     06/25/2020          /s/Roger Schott, Laurel Circuit Clerk

Filed          20-CI-00438   06/25/2020          Roger Schott, Laurel Circuit Clerk
A true copy attest   20-CI-00438   06/25/2020          /s/Roger Schott, Laurel Circuit Clerk

Plaintiff's bodily injury claim was valued at $131,005.57 and made no reference to the fact that a drunk driver caused a horrific head on collision nor made reference to the medical diagnosis and treatment for Deana Huff which included multiple spleen lacerations, multiple contusions and bruises, a fusion surgery of the T-spine at T11-12 resulting in permanent scarring and the insertion of permanent metal (rods and screws) apparatus which caused substantial ripping of the interspinous ligament, the mandatory use of a rigid bi-valve TLSO back brace for three (3) months, made no reference to the medical bills which exceeded $100,000.00 and ignored the fact that an additional surgery may be required to remove the surgical hardware. That such offer was made in bad faith as no reasonable person could accept $21,005.57 based upon the horrific head on collision caused by addicted drunk driver, the medical diagnosis and the treatment which involved fusion surgery, metal placement, permanent scaring, the possibility of a future surgery, the daily use of a back brace for three (3) months and the medical expenses incurred which exceeded $100,000.00. See settlement offer letter from Jennifer Lee, dated June 5,2020, attached hereto as **Exhibit 4**;

## COUNT I

15. That the Plaintiff, Huff, reiterates and reaffirms all allegations contained in paragraphs 1-14, and further pleads as follows:

16. That on or about the 15th day of May, 2018, the Plaintiff, Huff, was a passenger of a motor vehicle that traveling East on Hwy. 830 in Laurel County, Kentucky when it collided with a vehicle being operated by Jonathan Moore which ran a stop sign at the intersection of Turtle Road on Hwy 830. That Moore carelessly, recklessly, negligently and criminally failed to keep a safe and proper look out, failed to keep a safe and proper distance and operated his motor vehicle while impaired and under the influence of drugs and/or alcohol. The vehicle in which the Plaintiff, Huff, was a passenger was insured at the time of the collision by the Defendant, CSAA;

17. That as a result of said negligent and criminal acts, the Plaintiff, Huff, was severely injured. Said damages including but not limited to the following for each respective

Package:000006 of 000018

Presiding Judge: HON. MICHAEL CAPERTON (627365)

Package : 000006 of 000018

4

Filed                        20-CI-00438      06/25/2020        Roger Schott, Laurel Circuit Clerk
A true copy attest      20-CI-00438      06/25/2020        /s/Roger Schott, Laurel Circuit Clerk

Plaintiff:

    a.  Reasonable medical and hospital expenses;

    b.  Future medical and hospital expenses;

    c.  Past, present, and future physical, emotional, and mental pain and suffering.

    d.  Inconvenience;

    e.  Greater susceptibility to further injury.

These claims being in excess of Five Thousand Dollars ($5,000.00), the minimum Jurisdictional Limits of this Court;

18. That the Plaintiff was, at the time of the accident referred to above, insured under a policy of insurance with the Defendant, which among other coverages, provided the Plaintiff with underinsured motorist coverage; upon which policy premiums were paid and a policy was in full force and effect on the date of the accident referred to above;

19. The Plaintiff has demanded a policy limits payment from the Defendant pursuant to her first party underinsured contract and the Defendant refused to pay the policy limits of $100,000.00 which is a reasonable and fair amount to compensate the Plaintiff for her permanent injuries and medical bills;

## COUNT II

### VIOLATION OF UNFAIR CLAIMS SETTLEMENT PRACTICE ACT
### KRS 304.12-230 and 304.12-235

20. The Plaintiff, Huff, reiterates and reaffirms all allegations contained in paragraphs 1-19 and further pleads as follows:

21. The Defendant, CSAA, violated the Unfair Claims Settlement Practice Act (KRS304.12-230d 304.12-235) when handling Plaintiff's claim.

22. The Defendant, CSAA, violations include, but are not limited to:

(1) Refusing to reasonably and fairly pay a first party claim without conducting a reasonable investigation based upon all available information as the Defendant, CSAA, clearly was not objective, nor did it consider the dynamics of the collision (a head on collision with a

5

Filed                        20-CI-00438      06/25/2020        Roger Schott, Laurel Circuit Clerk
A true copy attest      20-CI-00438      06/25/2020        /s/Roger Schott, Laurel Circuit Clerk

Package:000007 of 000018

Presiding Judge: HON. MICHAEL CAPERTON (627365)

Package : 000007 of 000018

Filed            20-CI-00438    06/25/2020         Roger Schott, Laurel Circuit Clerk
A true copy attest    20-CI-00438    06/25/2020         /s/Roger Schott, Laurel Circuit Clerk

drunk driver at 45 mph), the medical diagnosis, the extensive surgical treatment, nor the degree
of the severity of the condition and type of the Plaintiff's injuries nor the amount of the
medical bills being in excess of $100,000.00 when it concluded that the Plaintiff, Huff's, bodily
injuries were worth $131,005.57 and the Defendant only offered to pay $21,005.57 under it's
first party contract of insurance.  That CSAA did not fully investigate the claim nor was it
objective in its evaluation of the claim and thereby made a "low ball" offer to the Plaintiff.  Any
reasonable investigation and evaluation of the Plaintiff's bodily injury claim would have
reasonably led CSAA to conclude that the Plaintiff, Huff, was involved in a horrific head on,
high speed collision with a drunk driver which resulted in medical expenses in excess of
$100,000.00 and which required considerable medical treatment of multiple spleen lacerations,
multiple contusions, surgical fusion and bruises, surgical fusion intervention to repair fractures at
T11-12, which required the permanent placement of metal rods and screws, the use of a TLSO
back brace for three (3) months and residual visible permanent scarring;

(2) Not attempting in good faith to effectuate prompt, fair and equitable settlement of
claims in which liability had become reasonably clear as the Plaintiff promptly presented clear,
detailed, expert evidence of severe injuries and course of painful treatment and rehabilitation.
That no objective evaluation of the Plaintiff's diagnosis, treatment and medical expenses could
lead CSAA to conclude the Plaintiff's bodily injury claim and medical bills had a value of
$131,005.57 then subsequently offer $21,005.57 to resolve her bodily injury claim which
included multiple spleen lacerations, multiple contusions and bruises, a surgical fusion repair of
fractures at T11-12 with metal insertion, residual permanent scarring along with medical
expenses which exceeded $100,000.00.  That the Defendant had access to all medical data bases
as it was the Plaintiff's PIP carrier and had a first party contract with the Plaintiff and as such the
Defendant had two years prior to the receipt of Huff's UIM demand package to collect the
Plaintiff's medical records and bills so as to powerfully evaluate the Plaintiff's claim and
become familiar with her injuries and medical bills as well as the dynamics of the collision and
therefore acted in bad faith in delaying the evaluation of the Plaintiff's bodily injury claim when

6

Filed            20-CI-00438    06/25/2020         Roger Schott, Laurel Circuit Clerk
A true copy attest    20-CI-00438    06/25/2020         /s/Roger Schott, Laurel Circuit Clerk

Package:000008 of 000018

Presiding Judge: HON. MICHAEL CAPERTON (627365)

Package : 000008 of 000018

it advised the Plaintiff in writing that it did not have sufficient records to evaluate her claim;

(3) Compelling a first party to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such parties as the Plaintiff, prior to suit, presented proof that her claims for past, present, and future pain and suffering and mental anguish and past medical expenses had a reasonable and objective value which far exceeded CSAA low ball offer of $21,005.57 for Plaintiff, Huff and ultimately will exceed the Defendant's policy limits;

(4) Attempting to settle a claim for less than the amount that a reasonable person would have believed she was entitled as the Defendant, CSAA, knew or should have known with the information provided to it by the Plaintiff that $131,005.57 was not an objective nor reasonable evaluation of the value of the Plaintiff's injury and medical bill claim and that it's offer of $21,005.57 for Plaintiff, Huff, injuries was not an offer of settlement the Plaintiff would reasonably accept as CSAA knew or should have known and acted with reckless disregard, it's offer to settle was not objective and would be clearly unacceptable to the Plaintiff based upon the medical findings and treatment of multiple spleen lacerations, multiple contusions and bruises, a surgically fusion repair to fractures of the T-spine at T11-12 which required the permanent insertion of metal and caused residual permanent scarring, the use of a TLSO back brace for three (3) months and medical bills which exceeded $100,000.00, and the mechanics of a horrific head on, high speed collision caused by a drunk driver;

(5) The Defendant, CSAA, actions and unreasonable delay in settling it's claims reasonably and fairly constituted acting towards the Plaintiff with oppression as defined in KRS 411.184 and therefore the Plaintiff is entitled to punitive damages as the Defendant had access to police reports, DUI guilty plea records, collision photos, property damage estimates, medical records and all medical bills two years prior to it's low ball offer of $21,005.57;

(6) The Defendant, CSAA, failed to promptly provide a reasonable explanation of the basis in the insurance policy for the failure to offer settlements to the Plaintiff, after receiving a thorough demand package which was reasonable in nature and consistent with the injuries

7

Package:000009 of 000018

Presiding Judge: HON. MICHAEL CAPERTON (627365)

Package : 000009 of 000018

sustained and the pain and suffering experienced by the Plaintiff.

23. The conduct of the Defendant, CSAA, was intentional, reckless, willful, wanton, negligent, grossly negligent, malicious, oppressive, outrageous, unreasonable, unfair, fraudulent and in bad faith as it acted with reckless disregard;

24. The conduct of the Defendant, CSAA, was the direct and proximate cause of all damages complained of herein;

25. The Plaintiff is entitled to recover actual damages, prejudgment interest, costs and attorney fees, damages for anxiety and mental anguish, and punitive damages as set forth herein;

## COUNT III

## OUTRAGEOUS CONDUCT

26. The Plaintiff hereby incorporate by reference each and every allegation contained in paragraphs 1-25 the same as if set forth fully herein and further pleads as follows:

27. The conduct of the Defendant, CSAA, constitutes outrageous conduct as it knew or should have known and or acted with reckless disregard when it made a offer of settlement for the Plaintiff's bodily injury claim which was unfair, unreasonable and not objective considering the medical expenses of over $100,000.00 and the Plaintiffs bodily injuries, emotional suffering, all which were tendered to said Defendant by the Plaintiff prior to its offer of settlement of her claim. It was outrageous conduct by CSAA to value the Plaintiff's claim at $131,005.57 then offer the Plaintiff, Huff, $21,005.57 after reviewing the police report, property damage estimate, DUI plea records and all the medical bills, all medical records, the surgical fusion records which revealed permanent metal insertion which caused permanent residual scarring and mandated the use of a TLSO back brace for three (3) months an MRI reports that revealed multiple spleen lacerations, contusions and bruises to the Plaintiff, Huff;

28. The conduct of said Defendant, CSAA, is the direct and proximate cause of all damages complained of herein;

29. The Plaintiff is entitled to recover actual damages, costs and attorney fees, and punitive damages;

8

Package:000010 of 000018

Presiding Judge: HON. MICHAEL CAPERTON (627365)

Package : 000010 of 000018

Filed          20-CI-00438   06/25/2020   Roger Schott, Laurel Circuit Clerk
A true copy attest   20-CI-00438   06/25/2020   /s/Roger Schott, Laurel Circuit Clerk

## COUNT IV

## BAD FAITH

30. The Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1-29 the same as if set forth fully herein and further pleads as follows:

31. The conduct of the Defendant, CSAA, with respect to the handling the Plaintiff's claim constitutes first party bad faith;

32. The Defendant, CSAA, was obligated to reasonably pay the Plaintiff's respective claims under the terms of it's first party underinsured motorist policy, and said Defendant lacked a reasonable basis in law or fact for denying the reasonable payment of the claim, and the Defendant knew there was no reasonable basis for denying the reasonable payment of the claim and/or acted with reckless disregard for whether such basis existed when it valued the Plaintiff's claim at $131,005.57 then offered her $21,005.57 to settle her bodily injury claim;

33. The conduct of the Defendant, CSAA, was intentional, reckless, willful, wanton, negligent, grossly negligent, malicious, oppressive, outrageous, unreasonable, unfair, and in bad faith;

34. The conduct of the said Defendant is the direct and proximate cause of all damages complained of herein;

35. The Plaintiff is entitled to recover actual damages, costs and attorney's fees, and punitive damages;

## COUNT V

## PUNITVE DAMAGES

36. The Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1-35 the same as if set forth fully herein and further pleads as follows:

37. The conduct of the Defendant, CSAA, entitles the Plaintiff to recover punitive damages;

9

Package:000011 of 000018

Presiding Judge: HON. MICHAEL CAPERTON (627365)

Package : 000011 of 000018

Filed          20-CI-00438   06/25/2020   Roger Schott, Laurel Circuit Clerk
A true copy attest   20-CI-00438   06/25/2020   /s/Roger Schott, Laurel Circuit Clerk

Filed          20-CI-00438    06/25/2020      Roger Schott, Laurel Circuit Clerk
A true copy attest    20-CI-00438    06/25/2020      /s/Roger Schott, Laurel Circuit Clerk

38. The acts of Defendant, CSAA, as set forth above were intentional, reckless, willful, wanton, negligent, grossly negligent, malicious, oppressive, outrageous, unreasonable, unfair, fraudulent and in bad faith with reckless disregard;

39. The acts of the Defendant, CSAA, is the direct and proximate cause of all Damages complained of herein;

**WHEREFORE,** Plaintiff demands the following:

1. Judgment be rendered against the Defendant, CSAA, in an amount which will fairly and reasonably compensate the Plaintiff for the damages incurred all in excess of the jurisdiction limits of this Court;

2. Judgment against the Defendant, CSAA, for unfair settlement practices, bad faith and outrageous conduct in an amount the jury would find reasonable from the evidence in excess of the minimum jurisdictional limits of this Court;

3. Punitive damages;

4. A trial by Court;

5. Cost and attorney fees;

6. For any other relief to which the Plaintiff may be entitled.

Respectfully submitted,

/S/ Bill Meader
Bill Meader
Attorney at Law
P.O. Box 499
Hyden, KY 41749
PH: (606) 672-5150
Fax: (606) 6725109
E-mail: meader_law@hotmail.com

10

Package:000012 of 000018

Presiding Judge: HON. MICHAEL CAPERTON (627365)

Package : 000012 of 000018

Filed          20-CI-00438    06/25/2020      Roger Schott, Laurel Circuit Clerk
A true copy attest    20-CI-00438    06/25/2020      /s/Roger Schott, Laurel Circuit Clerk

Filed            20-CI-00438    06/25/2020      Roger Schott, Laurel Circuit Clerk
A true copy attest   20-CI-00438    06/25/2020      /s/Roger Schott, Laurel Circuit Clerk

# EXHIBIT 1

## Bill Meader
## Law Offices

Email Address: meader_law@hotmail.com

| **Hyden Office:** | **London Office:** | **Booneville Office:** |
|---|---|---|
| P.O. Box 499 | P.O. Box 1277 | P.O. Box 1038 |
| Hyden, Kentucky 41749 | London, Kentucky 40741 | Booneville, Kentucky 41314 |
| Phone: (606) 672-5150 | Phone: (606) 521-0400 | Phone: (606) 593-5054 |
| Fax: (606) 672-5109 | Fax: (606) 877-2629 | Fax: (606) 593-5044 |

April 10, 2020

Jennifer Lee,
CSAA Insurance
P.O. Box 5483
Mt. Laurel, NJ 08054

Via Certified Mail with return receipt.

Phone: 405-753-8226

RE:    My Client's:        Deana Huff
       Your insured:       Deana Huff
       Claim #:            1002-68-0340
       Date of Injury:      05/15/18

**COOTS LETTER**

Dear Jennifer:

       Please allow this correspondence to serve as formal notification that I represent Douglas Huff and Deana Huff, as co-counsel with Harold Dyche, with regards to an automobile collision which occurred on May 15, 2018. This letter is sent to demand your company to consider my client's under-insured motorist claim and to have you to respond to a subrogation request regarding an offer made by the tortfeasor's insurance company, Progressive Insurance Company. I have attached hereto a settlement brochure, previously sent to Progressive Insurance Company (as the tortfeasor). At this point the tortfeasor has tendered its policy limits of $100,000.00 for Deana Huff. My client, Deana Huff, is now looking toward your company for under-insured coverage in effect on the vehicle on the date of the accident. You are my client's insurance carrier.

       My attached demand contains all information necessary to consider and resolve my clients' under-insured claim.

1

Filed            20-CI-00438    06/25/2020      Roger Schott, Laurel Circuit Clerk
A true copy attest   20-CI-00438    06/25/2020      /s/Roger Schott, Laurel Circuit Clerk

Package:000013 of 000018

Presiding Judge: HON. MICHAEL CAPERTON (623B5)

Package : 000013 of 000018

Filed                 20-CI-00438    06/25/2020        Roger Schott, Laurel Circuit Clerk
A true copy attest    20-CI-00438    06/25/2020        /s/Roger Schott, Laurel Circuit Clerk

Enclosed you will also find a copy of Progressive Insurance Company's letter offering its policy limits of $100,000.00 for Deana Huff. I have also enclosed a copy of Progressive Insurance Company's declaration page which verifies its coverage and limits.

Pursuant to Kentucky law and the **"Coots"** decision, I am notifying you of Progressive Insurance Company offer to settle. I need to determine whether or not CSAA Insurance intends to substitute its payment of $100,000.00 for Deana Huff or whether your company intends to waive subrogation. In the event that I have not heard from you within the allotted period of time, I will assume that CSAA Insurance is waiving subrogation and does not intend to substitute payment of the $100,000.00 offered by Progressive Insurance Company. At the time of any settlement with Progressive Insurance Company I will reserve each and every under-insured motorist claim against each and every under-insured motorist carrier as $100,000.00 only represents partial satisfaction of my client's total damages.

You may accept this letter as authorization to review your own PIP file.

Although, I previously discussed with you and also sent a email requesting my client's Underinsured Dec Sheet from you I have not received same. Please verify in writing the amount of under-insured coverage available to my client so there is no misunderstandings.

**My demand for settlement with your company is your policy limits for my client.**

I have attached medical bills in excess of $120,000.00. I have attached emergency room records including x-rays report which revealed multiple spleen lacerations, multiple contusion and bruises, an operable fracture and wedge fracture of the T-spine at T11-12. I have also attached the orthopedic surgeons notes which state that a fusion surgery with hardware placement was performed on Deana Huff. This is a permanent injury with permanent scaring.

Please review all documentation and reply within the statutory time period. Please contact me on my cell phone at (606) 521-0400.

Sincerely,

Bill Meader

Enc.

2

Filed                 20-CI-00438    06/25/2020        Roger Schott, Laurel Circuit Clerk
A true copy attest    20-CI-00438    06/25/2020        /s/Roger Schott, Laurel Circuit Clerk

Package: 000018 of 000018                    Presiding Judge: HON. MICHAEL CAPERTON (627385)
Package: 000014 of 000018

Filed      20-CI-00438    06/25/2020     Roger Schott, Laurel Circuit Clerk

A true copy attest   20-CI-00438    06/25/2020     /s/Roger Schott, Laurel Circuit Clerk

# BILL MEADER
*Attorney At Law*
email: meader_law@hotmail.com



---

*Booneville Office*
*P.O. Box 1038*
*Booneville, Ky 41314*
*Ph: (606) 593-5054*
*Fax:(606) 593-5044*

# EXHIBIT 2

*Hyden Office*
*P.O. Box 499*
*Hyden, Ky 41749*
*Ph: (606) 672-5150*
*Fax:(606) 672-5109*

May 29, 2020

Jennifer Lee
CSAA Insurance
P.O. Box 5483
Mt. Laurel, NJ 08054
(405) 753-8226

RE:    Your Claim #:      1002-68-0340
       My Client:          Deana Huff
       Your Insured:      Deana Huff
       Under-insured Motorist Claim
       Demand for Policy Limits

Dear Jennifer:

You have previously received a Demand Package for my client and your insured Deana Huff. As you have previously acknowledged Ms. Huff's medical bills exceed $100,000.00 and your review of her orthopedic surgeon records indicate that she had emergency fusion surgery which resulted in permanent impairment and permanent scaring.

You have previously refused to tender your policy limits of $100,000.00 as you did not believe you possessed enough medical records and or bills to tender such limits.

Please find enclosed all additional medical records that you have previously requested. These records include the following:

1. All records from the UK Emergency Room. At page 1,2, and 3 of these nearly 80 pages of records you will find the discharge summary. At pages 79 and 80 you will find the

Filed      20-CI-00438    06/25/2020     Roger Schott, Laurel Circuit Clerk

A true copy attest   20-CI-00438    06/25/2020     /s/Roger Schott, Laurel Circuit Clerk

Package: 000015 of 000018        Presiding Judge: HON. MICHAEL CAPERTON (627365)

Package: 000015 of 000018

Filed                 20-CI-00438    06/25/2020          Roger Schott, Laurel Circuit Clerk
A true copy attest    20-CI-00438    06/25/2020          /s/Roger Schott, Laurel Circuit Clerk

surgical report;

    2. You will find all the patient care records from UK Healthcare;

    3. You will find all orthopedic records;

    4. All labs and all testing records;

    5. Ambulance records; and

    6. All PT Pro records.

    I have previously given you bills which exceed $110,000.00. I have now attached the Ambulance bill and all PT bills. You should now have all the bills.

    You have until June 15, 2020 to tender your policy limits. If I do not receive your check by that time all offers to settle will be withdrawn and I will file a First Party Bad Faith Claim against you and your company.

Sincerely,

Bill Meade
Encl

Package:000016 of 000018 ──────── Presiding Judge: HON. MICHAEL CAPERTON (627365) ──────── Package: 000016 of 000018

Filed                 20-CI-00438    06/25/2020          Roger Schott, Laurel Circuit Clerk
A true copy attest    20-CI-00438    06/25/2020          /s/Roger Schott, Laurel Circuit Clerk

| Filed | 20-CI-00438 | 06/25/2020 | Roger Schott, Laurel Circuit Clerk |
| A true copy attest | 20-CI-00438 | 06/25/2020 | /s/Roger Schott, Laurel Circuit Clerk |



AAA
Insurance

CSAA Fire & Casualty Insurance Company
P.O. Box 24523
Oakland, CA 94023-1523



# EXHIBIT 3

WILLIAM V MEADER
PO BOX 499
HYDEN, KY 41749-0499

**OUR CLAIM INFORMATION**

| | |
|---|---|
| Our claim number | 1002-68-0340 |
| Our policyholder | DEANA HUFF |
| Date of incident | May 15, 2018 |
| Your client | DEANA HUFF |

Jennifer Lee
405-753-8226
Or 888-335-2722, Ext. 7538226
Regular Claims Center hours are
Monday – Friday 8:00 AM – 7:00 PM,
Central Time

CC: Harold Dyche II Esq.

June 01, 2020

Dear William V Meader:

This letter will follow my April 28, 2020 letter and May 11, 2020 phone call wherein I advised you that we do not have sufficient evidence to complete our review of Deana Huff's UIM claim.

Please provide copies of all accident-related itemized medical bills and records. If your client is presenting a wage loss claim, please provide the supporting documentation.

We will continue to update our evaluation upon receipt of new information .

Sincerely,

*Jennifer Lee*

Jennifer Lee
Claims Representative

| Filed | 20-CI-00438 | 06/25/2020 | Roger Schott, Laurel Circuit Clerk |
| A true copy attest | 20-CI-00438 | 06/25/2020 | /s/Roger Schott, Laurel Circuit Clerk |

Please turn over

Package: 000017 of 000018 ———— Presiding Judge: HON. MICHAEL CAPERTON (627385) ———— Package: 000017 of 000018

| Filed | 20-CI-00438 | 06/25/2020 | Roger Schott, Laurel Circuit Clerk |
|-------|-------------|------------|-------------------------------------|
| A true copy attest | 20-CI-00438 | 06/25/2020 | /s/Roger Schott, Laurel Circuit Clerk |

# EXHIBIT 4


**Insurance**

P.O. Box 24523
Oakland, CA 94623-1523
Phone   888.335.2722
Fax      877.548.1810

June 05, 2020

**WILLIAM V MEADER**
**PO BOX 499**
**HYDEN, KY 41749-0499**

Re:  Insured:        DEANA HUFF
     Claim No.:       1002-68-0340
     Date of Loss:    May 15, 2018
     Your Client:     DEANA HUFF

Dear William V Meader:

This will confirm my voicemail message left for you on June 05, 2020. At that time, I offered $21,005.57 in settlement of your client's claim.

This offer is based on our total evaluation of $131,005.57 less the underlying settlement of $100,000 and $10,000 paid by PIP.

Please consider my offer and contact me at your earliest convenience. I look forward to concluding this matter in the near future.

CSAA Fire & Casualty Insurance Company is committed to fairness and accuracy. Should you have any questions about this claim, please don't hesitate to contact me.

Sincerely,

*Jennifer Lee*

Jennifer Lee
Claims Representative
Phone: 405-753-8228

CC:   Harold Dyche II Esq.

Policy issued by CSAA Fire & Casualty Insurance Company

Package:000018 of 000018 ———————— Presiding Judge::HON. MICHAEL CAPERTON (627365) ———————— Package::000018 of 000018